UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC. and MCIMETRO ACCESS TRANSMISSION SERVICES CORP., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:19-cv-00363-JMS-DLP ) |
| PEI PIPELINE SERVICES, LLC, | ) ) |
| Defendant. | ) |

**ORDER**

Plaintiffs MCI Communication Services, Inc. and MCIMetro Access Transmission Services Corp. collectively operate as a telecommunications company under the name "MCI." [Filing No. 15 at 1-2.] MCI possesses an easement in Putnam County, Indiana, (the "Easement") allowing it to install a fiberoptic cable. In 2017, PEI Pipeline Services, LLC ("PEI") severed the cable while excavating with mechanized equipment, [Filing No. 15 at 3], and MCI filed this lawsuit against PEI on August 1, 2019, [Filing No. 1]. On September 11, 2019, PEI filed a Motion to Dismiss, [Filing No. 18], which is now ripe for the Court's decision.

**I.**
**STANDARD OF REVIEW**

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635

1

F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). But the complaint "need not identify legal theories, and specifying an incorrect legal theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

PEI's Motion to Dismiss focuses more on the legal theories under which MCI seeks recovery and less on whether the factual allegations are sufficient to state a claim. Nevertheless, the following are the factual allegations in the Amended Complaint, which the Court must accept as true at this time.

MCI obtained the Easement by an agreement with CSX Railroad in 2012. [Filing No. 15 at 2.] By way of the Easement, MCI "possesses the right to construct, operate, maintain, and reinstall a fiber-optic cable in the right-of-way located at or near N. County 50E on what is, or was formerly, CSX Railroad property, in or near Roachdale, Putnam County, Indiana" (the "Property"). [Filing No. 15 at 2.] Sometime between November 2012 and August 2017, MCI installed a fiber-optic cable underground at that location. [Filing No. 15 at 2.]

On August 4, 2017, PEI severed the fiber-optic cable while it was excavating with mechanized equipment on the Property, causing MCI "sustained disturbance to its right of use or

servitude and damage to and loss of use of the Cable which . . . resulted in actual damages to MCI." [Filing No. 15 at 3.]

MCI filed this lawsuit on August 1, 2019, [Filing No. 1], an Amended Complaint on August 19, 2019, [Filing No. 13], and a Second Amended Complaint on August 28, 2019, setting forth claims for Trespass and Negligence, [Filing No. 15 at 3-4]. On September 11, 2019, PEI filed a Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6). [Filing No. 18.] That motion is now fully briefed and ripe for the Court's decision

### III.
#### DISCUSSION

In support of its Motion to Dismiss, PEI argues that the "Second Amended Complaint fails to state a claim upon which relief can be granted because any common law action that [MCI] might have had at one time against PEI has been abrogated by the enactment of the Damages to Underground Facilities Act [Ind. Code § 8-1-26 *et seq*.]" ("DUFA"). [Filing No. 19 at 1.] According to PEI, "DUFA expressly provides a civil cause of action for operators who suffer pecuniary losses as a result of the violation of DUFA by another." [Filing No. 19 at 5.] PEI asserts that under Indiana law, "abrogation of common law will be implied where a statute is enacted which undertakes to cover the entire subject treated and was clearly designed as a substitute for the common law." [Filing No. 19 at 6 (citing *Rocca v. S. Hills Counseling Ctr., Inc.*, 671 N.E.2d 913, 920 (Ind. Ct. App. 1996)).] Accordingly, PEI contends, "any common law cause of action that MCI might have once had against PEI" has been abrogated by DUFA. [Filing No. 19 at 7.]

In response, MCI argues first that "DUFA does not abrogate MCI's common law trespass and negligence claims." [Filing No. 24 at 5.] It asserts that DUFA must be strictly construed against imposing any limitations on its right to bring suit. [Filing No. 24 at 5.] MCI also argues that DUFA was not clearly designed as a substitute for the common law. [Filing No. 24 at 5 (citing

3

*Gunderson v. Ind. Dep't of Nat. Res.*, 90 N.E.3d 1171, 1182 (Ind. 2018)).] In support of this argument, MCI notes that DUFA does not create any new remedies that were unavailable prior to its enactment, and "Indiana law has long been that where a statute does not create a new right, the remedy given therein is not exclusive." [Filing No. 24 at 7 (citing *Wehmeier v. Mercantile Banking Co.*, 97 N.E. 558, 561 (Ind. Ct. App. 1912)).] MCI also bolsters its argument by noting that "Indiana courts have held both prior to and after the enactment of DUFA that the fact [that] a statute imposes a penalty for its violation will not prevent an action for damages resulting therefrom." [Filing No. 24 at 7.] Similarly, MCI adds that Indiana courts have continued to recognize both negligence claims and trespass claims against excavators that damage underground utilities even after the enactment of DUFA. [Filing No. 24 at 8-9.]

PEI replies that the Court should follow *City of Fort Wayne v. N. Ind. Pub. Serv. Co.*, 2 N.E.3d 60 (Ind. Ct. App. 2014) ("*NIPSCO*"), and not the cases to which MCI cites. [Filing No. 27 at 3.] PEI contends that under *NIPSCO*, DUFA abrogates any and all common law actions that MCI might have had at one time. [Filing No. 27 at 3.] PEI argues that the cases on which MCI bases its arguments were decided prior to *NIPSCO*. [Filing No. 27 at 2.] Moreover, it argues, those cases involved situations in which DUFA did not apply and therefore do not contravene *NIPSCO*'s holding that DUFA fully abrogates common law claims like those in this case. [Filing No. 27 at 4.] Finally, PEI replies that "Indiana law prohibits Plaintiffs from disguising their DUFA claim as common law trespass and negligence claims in a transparent attempt to circumvent the carefully-prescribed limitations of DUFA." [Filing No. 27 at 9.]

"Complaints pleads *claims*, which is to say grievances." *ACF 2006 Corp. v. Mark C. Ladendorf, Attorney at Law, P.C.*, 826 F.3d 976, 981 (7th Cir. 2016) (emphasis in original). "All a complaint must do is narrate a grievance sufficiently to place the defendants on notice of the

challenged conduct." *Phillips v. Baxter*, 768 F. App'x 555, 559 (7th Cir. 2019) (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014)). MCI's grievances were pleaded plainly and without unnecessary detail: MCI excavated with mechanized equipment on the Property and damaged the cable buried at that location. [Filing No. 15 at 2-3]; *see ACF 2006 Corp.*, 826 F.3d at 981. MCI's allegations are sufficient to state a claim under DUFA,[1] and PEI is on notice of the challenged conduct.

But PEI also argues that "Indiana law prohibits Plaintiffs from disguising their DUFA claim as common law trespass and negligence claims in a transparent attempt to circumvent the carefully-prescribed limitations of DUFA." [Filing No. 27 at 9.] It adds that MCI has "only asserted claims for common law negligence and trespass in [its] Second Amended Complaint. No relief may be granted for those claims because [MCI has] no right to pursue them." [Filing No. 27 at 9.] PEI provides no legal support or authority for this argument, and "[i]t is well settled that a federal court sitting in diversity applies federal pleading requirements 'even when the claim pleaded arises under state rather than federal law.'" *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (quoting *Muick v. Glenayre Elecs.*, 280 F.3d 741, 743 (7th Cir. 2002)); *see also Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997) ("[I]t is rudimentary that pleading requirements in the federal courts are governed by the federal rules and not by the practice of the courts in the state in which the federal court happens to

---

[1] In fact, PEI's own arguments establish that the Second Amended Complaint sufficiently pleads a DUFA claim. PEI states that, "[w]ithout question, MCI's fiber-optic cable . . . qualifies as a 'facility' under DUFA," and, "MCI clearly qualifies as an 'operator' under DUFA." [Filing No. 19 at 5 (citing Filing No. 15).] PEI also argues that "DUFA expressly provides a civil cause of action for operators who suffer pecuniary losses as a result of the violation of DUFA by another. . . . In its Second Amended Complaint, MCI claims that PEI failed to comply with several requirements under DUFA, and that PEI's alleged noncompliance resulted in pecuniary losses to MCI." [Filing No. 19 at 5.]

5

be sitting." (internal quotation marks omitted)). Whether Indiana law prohibits MCI from pleading its claims as negligence or trespass claims is irrelevant. Federal law requires only that MCI narrate a grievance sufficiently to place PEI on notice of the challenged conduct. *See Phillips*, 768 F. App'x at 559. The Second Amended Complaint satisfies that standard. Therefore, the lawsuit will proceed; but in what capacity requires more consideration.

It is presumed "that the legislature does not intend by the enactment of a statute to make any change in the common law beyond what it declares, either in express terms or by unmistakable implication." *Rocca*, 671 N.E.2d at 920. "An abrogation of the common law will be implied where a statute is enacted which undertakes to cover the entire subject treated and was designed as a substitute for the common law." *Id.* Under DUFA, an operator who suffers a pecuniary loss as a result of a violation of DUFA may bring a civil action against the person who caused the loss for "(1) [a]n amount equal to the operator's actual damage to the facility[;] (2) [t]he costs of the action[; and] (3) [a] reasonable attorney's fee." Ind. Code § 8-1-26-22. The Court also has discretion to award punitive damages up to three times the operator's actual damages. *Id.* As used in DUFA, "damages" means "(1) the substantial weakening of structural or lateral support of an underground facility; (2) the penetration or destruction of a protective coating, a housing, or another protective device of an underground facility; (3) the partial or complete severance of an underground facility; or (4) rendering any underground facility inaccessible." Ind. Code § 8-1-26-4. The Court thus considers whether DUFA prohibits MCI from asserting trespass and negligence claims.

### A. Trespass

Turning first to trespass, MCI alleges that PEI was on the Property and excavating with mechanized equipment without MCI's knowledge or consent and against MCI's will. [Filing No.

15 at 3.] MCI claims that while excavating, PEI severed the fiber optic cable, causing MCI more than $75,000 worth of damages. [Filing No. 15 at 3.]

In an action for trespass, "it is necessary for the plaintiff to prove only that he was in possession of the land and that the defendant entered thereon without right, such proof entitling the plaintiff to nominal damages without proof of injury, and upon additional proof of injury to the products of the soil, the plaintiff is entitled to compensatory damages." *Hawke v. Maus*, 226 N.E.2d 713, 717 (Ind. App. 1967).

The unmistakable implication is that the legislature intended for DUFA to abrogate an operator's common law remedies for damages to underground facilities caused by mechanized excavation. Therefore, to the extent MCI seeks trespass damages for harm caused by and resulting from damage to the cable, that claim is **DISMISSED WITH PREJUDICE**.[2]

But it does not follow that the legislature enacted DUFA with the intent to allow unmitigated and non-redressable trespasses on land that contains underground facilities as long as the trespassers cause no damage to the underground facilities. As noted in *Hawke*, a trespass action may lie even where there is no proof of injury. *Hawke*, 226 N.E.2d at 717. Consequently, MCI may pursue damages for trespass resulting from PEI entering the Property without right.

---

[2] Because DUFA abrogates MCI's trespass claim to the extent it seeks damages for harm caused to the cable, and it cannot amend the Second Amended Complaint to cure this deficiency, dismissal with prejudice is appropriate. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (stating that dismissal with prejudice is proper "if it is clear that any amendment would be futile").

7

## B. Negligence

As to MCI's negligence claim, the analysis is simpler. The Indiana Court of Appeals held in *NIPSCO*, and this Court agrees,[3] that it doubted very seriously "that the General Assembly intended that an operator who lost his cause of action pursuant to DUFA would still be able to recover under another theory." *NIPSCO*, 2 N.E.3d at 64. MCI's negligence claim is such a fallback option. Whereas MCI may recover damages for PEI's trespass on the Property to the extent the trespass claim does not seek redress for damage to the cable, those damages, even if nominal, redress a separate harm. MCI's negligence claim, like its claim for trespass damages relating to damage to the cable, seeks redress for the harm protected by DUFA: damage to an underground facility. Therefore, DUFA abrogates MCI's negligence claim, and that claim is **DISMISSED WITH PREJUDICE.**

---

[3] *NIPSCO* directly addresses the abrogation issue under the DUFA statute, unlike the other cases cited by MCI. The Court in any event finds *NIPSCO* persuasive. If MCI preferred the Indiana Supreme Court to address the abrogation issue, it could have chosen to file in state court.

## IV.
### CONCLUSION

Consistent with the foregoing, PEI's Motion to Dismiss, [18], is **GRANTED IN PART** and **DENIED IN PART** as follows:

- MCI's claim under DUFA, Ind. Code § 8-1-26 *et seq.*, **MAY PROCEED**;

- MCI's trespass claim:

    o Is **DISMISSED WITH PREJUDICE** to the extent MCI seeks recovery for harm and damages covered by DUFA;

    o **MAY PROCEED** to the extent MCI seeks recovery for damages resulting from PEI's entering the Property without right; and

- MCI's negligence claim is **DISMISSED WITH PREJUDICE**.[4]

Date: 2/3/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**

---

[4] Based on the allegations in the Second Amended Complaint, MCI's negligence claim is based entirely on the damage to the cable. Therefore, unlike the trespass claim, DUFA abrogates MCI's entire negligence claim.